IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:15-cr-00342 |
| | ) | |
| Plaintiff, | ) | JUDGE: JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| EARL C. SPEEDY, | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |
| | ) | |

Now comes Defendant, Earl C. Speedy, by and through undersigned counsel, Kevin M. Cafferkey, and files this Sentencing Memorandum. Mr. Speedy respectfully requests this Honorable Court to consider a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553. Mr. Speedy respectfully requests this Honorable Court to consider his sincere remorse, employment history, age, and supportive family, when imposing a reasonable sentence. Mr. Speedy is respectfully requesting to be sentenced to the low end of the sentencing guideline range pursuant to the terms of his plea agreement and be permitted to self-report. A more thorough explanation of this request is set forth in the attached Memorandum in Support incorporated herein by reference.

                                                    Respectfully Submitted,

                                                    /s/ Kevin M. Cafferkey_____
                                                    KEVIN M. CAFFERKEY, (#0031470)
                                                    Attorney for the Defendant
                                                    55 Public Square
                                                    2100 Illuminating Building
                                                    Cleveland, OH 44113
                                                    (216) 363-6014
                                                    kmcafferkey@hotmail.com

**MEMORANDUM IN SUPPORT**

I. **PROCEDURAL BACKGROUND.**

On September 15, 2015 Earl Speedy was named in a 1-count Indictment for allegedly violating 18 U.S.C. §§ 2252(a)(2), 2252(b)(1) receipt of Visual Depictions of Minor Engaged in Sexually Explicit Conduct. Count 1 alleges that his offense conduct occurred on or about August 4, 2014 in the Northern District of Ohio. On December 2, 2015, the Defendant entered a plea of guilty to Count 1, pursuant to a Rule 11(c)(1)(B) plea agreement. His case was then referred to the United States Pretrial Services and Probation Office for preparation of a Presentence Investigation and Report ("PSR"). He is scheduled to be sentenced before this Honorable Court on March 10, 2016 at 11:00 am.

II. **EVALUATION OF GUIDELINE RANGE.**

The base offense level listed in the PSR is twenty-two (22), for a violation of 18 U.S.C. § 2252 in accordance with U.S.S.G. § 2G2.2(a)(2). Mr. Speedy received the following enhancements: 2-levels for material involving prepubescent minors less than 12 years of age (USSG § 2G2.2(b)(2)); 2-levels for distribution (USSG § 2G2.2(b)(3)(F)); 2-levels for possession that resulted from the use of a computer (USSG § 2G2.2(b)(6)); and 2-levels for obstructing or impeding the administration of justice (USSG § 3C1.1). The adjusted offense level of 30 is then reduced by three levels for acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b). Therefore, the total adjusted offense level listed in the PSR is twenty-seven. (27).

According to the Criminal History Category computation in the PSR, the Defendant has one (1) criminal history point, corresponding to a Criminal History Category I. Pursuant to USSG, Chapter 5, Part A, the guideline range of imprisonment for an offense level of 27 and a

criminal history category of I is 70 to 87 months, however, the statutorily authorized minimum sentence in this case is five (5) years or 60 months.

## III. EVALUATION OF 18 U.S.C.A. §3553(a) FACTORS TO DETERMINE A REASONABLE SENTENCE.

### A. LAW.

In fashioning an appropriate sentence, the District Court cannot presume that the Guideline range is reasonable but rather must also consider the factors enumerated in *18 USC 3553(a)* to determine if an adjustment is warranted. *United States v. Booker*, 543 U.S. 220, 245-46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *18 U.S.C 3553(a)* requires the Court to impose a sentence that is sufficient, but not greater than necessary and lists factors to be considered in imposing a sentence. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed training, care or treatment; (3) the kinds of sentences available; (4) the kinds and range of sentence under the guidelines; (5) pertinent policy statements by the Sentencing Commission; and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct", and (7) the need to provide restitution.

Since *Booker* and its progeny, the sentencing court may now consider even those mitigating factors that the advisory guidelines prohibit, e.g., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. See: *United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005) ("the guidelines" prohibition of considering these factors cannot be squared with the *Section*

*3553(a)(1)* requirement that the court evaluate the "history and characteristics" of the Defendant... thus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the *Section 3553(a)(1)* factors might call for a sentence outside the guideline range").

**B. GIVEN THE NATURE AND CIRCUMSTANCES OF MR. SPEEDY'S OFFENSE AND HIS HISTORY AND CHARACTERISTICS, THE SENTENCE REQUESTED IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO SATISFY THE PURPOSES OF SENTENCING.**

Mr. Speedy is not the dangerous offender Congress envisioned when creating the sentencing laws for his offense. Extreme incarceration is not necessary to protect the public, and would be a particularly harsh punishment for Mr. Speedy, who is a hardworking member of society. Mr. Speedy' age, family responsibilities, employment history, and lack of criminal history point him towards a very low risk of ever offending in the future.

Congress's actions with respect to the child pornography guidelines have stemmed in large part from the belief that those who view child pornography are actually child molesters. Under this view, punishing child pornography possessors serves as a proxy for punishing child sexual abusers. Aside from the lack of evidence to support this belief in general, Mr. Speedy has not been convicted of sexually abusing a child and has never sexually abused a child. This distinguishes Mr. Speedy from the offenders Congress had in mind, and is therefore highly relevant. *See United States v. Marshall*, 870 F. Supp. 2d 489, 491-92 (N.D. Ohio 2012) (rejecting presumption that "those who view child pornography are indistinguishable from those who actually abuse children," finding instead that the "[e]mpirical data strongly suggests that viewing child pornography does not equate to child molestation"); *United States v. Cruikshank*, 667 F. Supp. 2d 697, 703 (S.D. W.Va. 2009) ("Rarely able to catch the monsters that create the images, society reflexively nominates the consumers of this toxic material as

proxies for the depraved producers and publishers."); *United States v. Phinney*, 599 F. Supp. 2d 1037, 1045 n.10 (E.D. Wis. 2009) ("[C]ourts should not assume that a defendant has or will commit additional crimes without a reliable basis."); *United States v. Grober,* 595 F. Supp. 2d 382, 404 (D.N.J. 2008) ("[T]he Court cannot make [Defendant] a surrogate for the monsters who prey on child victims through actual contact."), *aff'd* 624 F.3d 592 (3d Cir. 2010).

Due to the widespread dissemination on the Internet, images of child pornography are available for free in the privacy of one's home with no planning and minimal effort. As a result, less dangerous people commit this offense than was previously the case, because child pornography is unfortunately easily accessible, as it was to Mr. Speedy here. All of the sentencing guidelines are advisory, including those directed by Congress. *United States v. Michael*, 576 F.3d 323, 327 (6th Cir. 2009). Congressional directives "tell the Sentencing Commission, not the courts, what to do," and "a directive that the Commission specify a particular guidelines range is not a mandate that sentencing courts stay within it." *Id*. at 328.

The Sentencing Commission has recently addressed Congress due to the increasing rate of below-guideline sentences for offenders sentenced under USSG § 2G2.2. *See* U.S. Sent'g Comm'n, *Report to the Congress: Federal Child Pornography Offenses* (2012) ["*Child Porn Report*"].[1] As a result of recent changes in the computer and Internet technologies that typical non-production offenders use, the existing sentencing scheme in non-production cases no longer adequately distinguishes among offenders based on their degrees of culpability." *Id.* at ii, 323. The Commission explained that because the enhancements for **computer use a**nd type and volume of images "now apply to most offenders," the guideline "**fails to differentiate among offenders in terms of their culpability**." *Id.* at iii, xi; *Id.* at 209, 323. The

---

[1] Available at http://www.ussc.gov/news/congressional-testimony-and-reports/sex-offense-topics/report-congress-federal-child-pornography-offenses

5

"technological changes have resulted in exponential increases in the volume and ready accessibility of child pornography, including many graphic sexual images involving very young victims, a genre of child pornography that previously was not widely circulated." *Id.* at 6. Because "**sentencing enhancements that originally were intended to provide additional proportional punishment for aggravating conduct now routinely apply to the vast majority of offenders**," *Id.* at xi, the "current guideline does not adequately distinguish among offenders regarding their culpability for their collecting behaviors," *Id.* at 323. The cumulative enhancements addressing the content and volume of images possessed, "in addition to base offense levels of 18 or 22, result in guideline ranges that are overly severe for some offenders in view of the nature of their collecting behavior." *Id.* "Not all child pornography offenders are pedophiles or engage in other sex offending." *Id.* at 104.

Mr. Speedy has accepted responsibility for his offense and shown true remorse for his actions as stated in his presentence report. Mr. Speedy additionally made the following statement regarding his actions:

> Initially, I started viewing adult pornography around 2003. It was easy to get on the internet and it was free. I would not do it at work, however, I did it at home in the privacy of my bedroom. I did it for years without viewing anything involving adolescents or children. Then I started getting into chartrooms. I typed in "free adult chats" in a Google search and it came up with a number of chat rooms. I entered a couple of them and began conversing with the people in the chartroom. Someone would post links and I would open them and receive photos. Most were adult pornography but some were child pornography. I did not stop opening the links. It was a slippery slope. I got invited into other chat rooms and had conversations with those people. I got pictures from them and shared those pictures with other people. Some of those pictures included child pornography pictures. I would have explicit conversations in the chat rooms with teenage girls. I stopped my actions in 2014. I have children myself and I had an overwhelming feeling of shame and guilt. I love my children and would not want them to ever be a victim or a topic of anyone else's

> inappropriate conversations. After I left the bubble I had created and thought about what I was doing from a bigger perspective, taking into account my own children, I truly became disgusted with what I had done. While I was in the moment of progressive pornography viewing, I made a huge mistake and never should have gone down that path. I am immensely sorry for my behavior. I realize how seriously wrong my actions were and will do everything in my power to make sure it never ever happens again. The consequences of my actions have been severe. I lost my job and most importantly, I have hurt my family. I just want to apologize to them over and over for what I have done. My family is going to hurt while I am gone and that is all my fault. We are working on healing as a family and I appreciate them standing by me. I couldn't be more sorry for what I have done.

Mr. Speedy is the offender for whom a low range guideline sentence punishment is reserved. Mr. Speedy recognizes the great harm inflicted on the victims depicted in these images and has been able to fully control his behavior since 2014.

A sentence at the low end of the guideline range is "sufficient, but not greater than necessary" to serve sentencing purposes under § 3553(a). Regarding the "history of the defendant," Mr. Speedy' age and long history of employment support a sentence at the low end of the guideline range. Mr. Speedy is thirty-nine (39) years old. As this Honorable Court is aware, criminal conduct tends to diminish with age, a relationship that is widely referenced as the "age-crime curve." This construct is supported by the age-crime statistics contained in the Uniform Crime Reports published annually by the Federal Bureau of Investigation. The combination of Mr. Speedy's age and his lack of criminal history greatly reduces his chances of recidivism. Mr. Speedy will be at least forty-five (45) years old when he is released from prison.

This Honorable Court must choose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes of the

defendant, and provides the defendant with needed training, care and treatment. 18 U.S.C. § 3553(a)(2). A sentence at the low end of the guideline range would be a very significant prison term to someone his age.

This Honorable Court must consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In fiscal year 2011, only 32.8% of defendants sentenced under § 2G2.2 nationwide received a sentence within the guideline range, and 65.6% were below the range. In 2010, the Sentencing Commission noted that 71% of judges surveyed "state that the mandatory minimum penalty for receipt of child pornography is too high."[2] The Honorable Jack Zouhary from the Northern District of Ohio has opined that he has a strong disagreement to being statutorily bound to impose a sentence of 60 months when sentencing a Defendant involved in the possession, receipt and distribution of child pornography. *United States v. Marshall*, 870 F.Supp.2d 489, 499 (N.D. Ohio 2012). **Many defendants who access child pornography on their computer do not appreciate the magnitude of the crime being committed or the risk of capture**. *Id*. at 494. Defendant Marshall was facing an offense level of 34, criminal history category I, and guideline range of 151 to 188 months imprisonment even though he was a first time offender. *Id*. at 493. The Honorable Zouhary ultimately imposed the mandatory minimum sentence of 60 months.

In *Stall*, the Defendant had only eighteen (18) images at the time of his arrest, but he had downloaded, viewed, and then deleted, an unknown number of images over a period of at least five years. *United States v. Stall*, 581 F.3d 276, 278 (6th Cir. 2009). He plead guilty to

---

[2] U.S. SENTENCING COMMISSION, RESULTS OF SURVEY OF UNITED STATES DISTRICT JUDGES, JANUARY 2010 THROUGH MARCH 2010 Question 1, page 7 (June 2010), available at http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-projects-and-surveys/surveys/20100608_Judge_Survey.pdf

two counts of possession of child pornography and received the following enhancements: (1) images depicting sadistic or masochistic conduct; (2) images depicting a prepubescent minor under the age of 12; (3) the use of a computer; and (4) the offense involved between 10 and 150 images. *Id*. at 278. The Defendant faced a guideline range of 57-71 months. *Id*. In light of the evidence and arguments made at sentencing, the Sixth Circuit upheld as reasonable the sentence of one day in prison, 12 months' home confinement, 10 years' supervised release, and a $5,000 fine, emphasizing that the defendant was in treatment while monitored on supervised release. *Id.* at 277-78, 283. The Court's downward variance was supported by a number of reasons, including the defendant's education, mental illness, supportive family, exceptional expression of remorse, immediate cooperation with the investigation, commitment to counseling, and demonstrated promise for rehabilitation. *Id*. at 287-89.

Mr. Speedy does not make excuses or false reasoning for doing the criminal acts that he has now plead guilty to. He took responsibility for his actions. All of the evidence indicates that Mr. Speedy will never view child pornography again. Based upon the foregoing, Mr. Speedy knows that he will never get involved in anything like this ever again. He has expressed the sincerest form of remorse and respectfully requests this Honorable Court to give due consideration to all of his mitigating factors when imposing a reasonable sentence.

### IV. CONCLUSION

Mr. Speedy respectfully requests that this Honorable Court consider all of the 18 U.S.C. § 3553(a) factors described above, his sincere remorse, employment history, age, and supportive family, and impose a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing. The mandatory minimum sentence in this case is five

(5) years. Pursuant to the terms of his plea agreement, Mr. Speedy is respectfully requesting to be sentenced to the low end of his guideline range.

                                              Respectfully Submitted,

                                              /s/ Kevin M. Cafferkey
                                              KEVIN M. CAFFERKEY, (#0031470)
                                              Attorney for the Defendant
                                              55 Public Square
                                              2100 Illuminating Building
                                              Cleveland, OH 44113
                                              (216) 363-6014
                                              kmcafferkey@hotmail.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on March 2, 2016, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              /s/ Kevin M. Cafferkey
                                              KEVIN M. CAFFERKEY, (#0031470)
                                              Attorney for the Defendant